## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 02 2020, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald E. Voelker, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 2, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2141 <br><br> Appeal from the Harrison Superior Court <br><br> The Honorable Joseph L. Claypool, Judge <br><br> Trial Court Cause No. <br> 31D01-1806-F6-441 |

**Barnes, Senior Judge.**

# Statement of the Case

Ronald E. Voelker, Jr., appeals the sentence the trial court imposed after he pleaded guilty to escape, a Level 6 felony. We affirm.

# Issue

Voelker raises one issue, which we restate as: whether his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

Voelker was serving a sentence under the supervision of a community corrections program. The conditions of the program included wearing a monitoring device and attending a weekly appointment with a community corrections officer.

On June 7, 2018, Voelker was scheduled to appear for an appointment, but he called to inform the officer that he would be late. He called back later that day to say he would not appear. GPS tracking data from his monitoring device showed that Voelker went to Louisville, Kentucky. A warrant was issued for his arrest, and he was apprehended at a hotel. Voelker later admitted that while he was in Louisville, he took a ride on the "Belle of Louisville." Tr. Vol. 2, p. 6.

On June 28, 2018, the State charged Voelker with escape, a Level 6 felony. On July 26, 2019, Voelker pleaded guilty pursuant to a "blind plea agreement,"

which did not include an agreement as to sentence. Appellant's App. p. 64. The trial court took the plea agreement under advisement.

[6] During an August 14, 2019 hearing, the trial court accepted Voelker's plea agreement and sentenced him to serve one year in jail. This appeal followed.

# Discussion and Decision

[7] Voelker argues that his one-year sentence is inappropriate and asks the Court to reduce it to eight months. Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, section 6 of the Indiana Constitution authorizes this Court to independently review and revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[8] When reviewing the appropriateness of a sentence, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the

defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The appellant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] The advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Carter v. State*, 31 N.E.3d 17, 32 (Ind. Ct. App. 2015), *trans. denied*. At the time Voelker committed his offense, the advisory sentence for a Level 6 felony was one and one-half years, with a maximum sentence of two and one-half years and a minimum sentence of six months. Ind. Code § 35-50-2-7 (2016). The trial court sentenced Voelker to one year, to be served in the county jail.

[10] Turning to the nature of the offense, Voelker told his community corrections supervisor that he would be late to an appointment, and then later informed the officer he would skip the appointment, before going to Louisville. During sentencing, Voelker admitted he knew that he was violating a term of probation when he skipped the appointment.

[11] Voelker later claimed he had left town because he needed a place to detoxify from the effects of methadone treatments, but he did not explain why he could not have stayed at home, or why he could not have asked the community corrections officer to reschedule his appointment. Voelker also claims he had spoken with his attorney before leaving town, and his attorney told him he would not be arrested for skipping an appointment if he did not cut off his

monitor. Considering Voelker's substantial criminal history, which we discuss below, and his admission that he knew he was violating the terms of his probation by skipping an appointment and leaving town, his claim that he was misled is entitled to little weight.

[12] As for the character of the offender, Voelker, who was forty-seven years old at sentencing, concedes he has a lengthy criminal history. He has four prior felony convictions: possession of a narcotic drug, possession of a syringe, criminal confinement, and possession of marijuana. In addition, Voelker has prior misdemeanor convictions for theft, possession of marijuana (2 counts), battery, false informing, check deception, criminal conversion, and escape. It is noteworthy that this is his second conviction of escape. Voelker accumulated his convictions from 1993 to 2002 and from 2010 to present, demonstrating a long-term refusal to conform to the law. In addition, during the sentencing hearing in this case, Voelker was facing a pending charge of driving while suspended, a Class A misdemeanor.

[13] Voelker argues that his convictions were related to, or caused by, his lifelong addiction to various controlled substances. While this may be true, a history of consuming controlled substances can be a negative sentencing factor. *See Healey v. State*, 969 N.E.2d 607, 617 (Ind. Ct. App. 2012) (identifying history of consuming controlled substances as a potential aggravating factor), *trans. denied*. In addition, the record demonstrates that in the past, Voelker attended a substance abuse treatment program on at least two occasions (one of them court-ordered), and he failed to comply with the programs' requirements.

Voelker further claims that he had begun turning his life around at the time of his arrest by complying with a methadone treatment program and by maintaining a job. Recent improvements do not necessarily outweigh his lengthy criminal record and prior failures to reform. Voelker has failed to demonstrate that his sentence, which was already below the statutory advisory sentence, is an outlier that should be further reduced.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Bradford, C.J., and Kirsch, J., concur.